## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

CLAUDE WALLACE, JR.　　　　　　　　　　　　　　　　　　　　　　PETITIONER
ADC #085239

v.　　　　　　　　　　5:15CV00265-DPM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction　　　　　　　　　　　　　　　RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.　　Why the record made before the Magistrate Judge is inadequate.

2.　　Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.　　The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     BACKGROUND**

Petitioner Claude Wallace, Jr. is currently serving two life sentences, consecutively with two sixty-year sentences and a forty-year sentence. (Doc. No. 10.) A Mississippi County jury convicted him of two counts of rape, two counts of kidnaping, and burglary, respectively. (*Id.*) The conviction arises from events described as follows:

> On June 8, 1991, two sisters, M.W., who was twelve years old, and A.C., who was seven years old, were raped by a man who entered their home during the early morning hours . . . M.W. was in the same room with her attacker for approximately four hours, during which time she testified he forced her to kiss him and to have oral, vaginal and anal sex with him.

*Wallace v. State*, 314 Ark. 247, 250-51 (1993).

Mr. Wallace, in over twenty years in prison, has filed many cases challenging his conviction. He first filed a federal petition for writ of habeas corpus in August 1994,[1] and the district court dismissed the petition with prejudice. He appealed, and the Eighth Circuit Court of Appeals dismissed on March 7, 1995. Then in September 2011,[2] he filed his second petition, and this Court

---

[1]Wallace v. Norris, No. 5:94CV00427-GH (E.D. Ark. Aug. 2, 1994), ECF No. 3.

[2]Wallace v. Hobbs, No. 5:11CV00231-DPM (E.D. Ark. Sep. 7, 2011), ECF No. 2.

recommended the petition be dismissed without prejudice as successive, allowing Mr. Wallace the opportunity to seek authorization from the Eighth Circuit Court of Appeals to file a successive petition. The district court adopted that recommendation, and on June 4, 2014, Mr. Wallace filed an application for permission to file a successive habeas petition in the Eighth Circuit.[3] However, the Eighth Circuit denied the application. On August 12, 2015, Mr. Wallace filed his third petition, arguing that the rulings in *Martinez*[4] and its progeny require he be given an evidentiary hearing to hear the merits of his ineffective assistance of counsel claims. (Doc. No. 2.) In response, the State filed a Motion to Dismiss for lack of jurisdiction. Because the Eighth Circuit denied Mr. Wallace authorization to file a successive petition, this Court agrees.

II.   **DISCUSSION**

As this Court previously explained to Mr. Wallace, petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Title 28 U.S.C. § 2244(a)(3)(A) requires this authorization, and without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). The Eight Circuit previously denied Mr. Wallace authorization to file a successive petition. Therefore, this Court lacks jurisdiction over Mr. Wallace's claims, and the Petition must be dismissed.

III.  **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that Respondent's Motion to Dismiss (Doc. No. 9) be granted, Mr. Wallace's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED, and

---

[3] Wallace v. Hobbs, No. 14-2286 (8th Cir. June 4, 2014).

[4] *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

3

the requested relief be DENIED.

DATED this 15th day of October, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE